UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6079** |
| **STATE OF LOUISIANA** | **SECTION: "F"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Jerry Moore, a state prisoner, filed this federal civil rights action, presumably pursuant to 42 U.S.C. § 1983, against the State of Louisiana. He asks that this Court enter a declaratory judgment and enjoin the Louisiana state courts from allowing the state's criminal statute concerning "principals," La. Rev. Stat. Ann. § 14:24, to be used as a basis for indicting, convicting, and sentencing him for a crime he did not commit.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Even broadly construing plaintiff's complaint,[1] and pretermitting a discussion of whether the State of Louisiana is a proper defendant, the Court notes that plaintiff's underlying claim must be dismissed for the following reasons.

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

Plaintiff is attempting to challenge the use of La. Rev. Stat. Ann. § 14:24 to indict, convict, and sentence individuals in the Louisiana state courts. That statute provides: "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." La. Rev. Stat. Ann. § 14:24. Plaintiff argues that the statute is "an explanatory statute" which contains no "penal sanctions." He opines that it was therefore unconstitutional for him to be indicted, convicted, and sentenced as a "principal" to a crime (i.e. second degree murder) that he did not personally commit.[2]

It is obvious that petitioner is seeking a declaration by this Court that his prosecution and conviction were invalid in order to secure his release from the life sentence he is currently serving. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

While this Court could, of course, construe plaintiff's complaint in part as an application for federal *habeas corpus* relief, the undersigned declines to recommend that course of action because it would be an act of futility. Plaintiff has already filed one such petition and relief was denied on the merits. Moore v. Cain, Civ. Action No. 10-676 (E.D. La. Sept. 13, 2010). Before he may file a "second or successive" § 2254 petition, he must obtain permission from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b). Because he has not complied with

---

[2] See State v. Moore, No. 2006 KA 1979, 2007 WL 914637 (La. App. 1st Cir. Mar. 28, 2007), cert. denied, 967 So.2d 500 (La. 2007).

3

that requirement, this Court may not entertain another challenge to his state criminal judgment. McKendall v. Rader, Civ. Action No. 13-6047, 2014 WL 37252, at *2 (E.D. La. Jan. 6, 2014); Fields v. Cain, Civ. Action No. 12-2143, 2012 WL 6674032, at *2 (E.D. La. Dec. 10, 2012), adopted, 2012 WL 6673777 (E.D. La. Dec. 20, 2012); Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *2 (E.D. La. Sept. 30, 2009).

Lastly, even if plaintiff's claim could somehow be considered a proper § 1983 claim, it would barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Heck has been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Because plaintiff's claim clearly challenges the validity of his conviction and current imprisonment, and because success on his claim in this Court would necessarily imply the invalidity of that state conviction, Heck bars a federal civil rights claim until

such time as his conviction has been invalidated in an appropriate state or federal proceeding. Claims barred by Heck are legally frivolous.  Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claim be **DISMISSED WITH PREJUDICE** to its being asserted again until the Heck conditions are met.[3]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of January, 2016.

                                         */s/ Daniel E. Knowles, III*
                                         **DANIEL E. KNOWLES, III**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[3] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").